OPINION of the Court, by
Ch. J. Boyle.-
Clay
in cnnnrpn tn in squares to and Finnie having interfering land claims, in order to adjust their dispute came to a compromise, by which they agreed that when Finnie’s entry and those qn which it depended should be surveyed the cardinal points, Clay would convey to him the land contained in a survey when thus made, and which was also included in his patent, and that Finnic would re-iinquish to Clay the residue of the land contained in his patent, and which is also covered by Clay’s.
The parties, for the purpose of carrying into effect their agreement, met upon the ground, and had a sur-'s ey made by running the lines according to the direction oí the magnetic needle ; but it being inconvenient then to prepare and pass deeds of conveyance, a future pert-od was appointed for that purpose.
In the mean time Finnie became dissatisfied with the manner in which the survey was made, and refused to interchange conveyances agreeably to the linea that were run, alleging that the correct construction of the -agreement required the survey to be made by running the Jims according to the direction of the true meredian. Stay, though willing to carry into effect the agreement ihy eonveyances agreeable to the survey which had been made, refused to have the lines run according to the true meredian. To enforce the execution of the aguement by a survey made by the direction of the true meredian, iFtimie filed his bill, which upon a final hearing was de-s creed to be dismissed with costs by the court below ; from which decree he has appealed to this court.
*352 Whether the parties intended that the lines should be run according to the direction of the magnetic needle, or the true meredian, is the principal question to be decided. This is a question very different from that, which respects the manner in which an original survey ought to be made. As to the latter, a positive rule is established bv an act of the Virginia legislature, passed in 1772, which in unequivocal terms requires that every new or original survey shall be made by the true, and not the artificial or magnetic meredian ; but neither that nor any other law has prescribed a similar rale with respect to surveys to be made in pursuance of the agreement of parties. An agreement that a tract of land should be laid off by the direction of the magnetic nee* die, i=. prohibited by no law, and would be equally as landing as il the courses had been agreed to be run by the true meredian. Had the parties therefore in this euic f-v licitlv declared their intention that the courses s'nou.d ; un as the magnet might direct, no difficulty »f Tu i. .vt <• corred ; but the expression in their agree-nv Jit th n i uc surveys should be made in squares to the osrdl .al points, leaves it ambiguous whether they meant the cardinal points as indicated by the true me-redian or the magnetic needle. The former is strictly and technically speaking the meaning of the expression, but in popular acceptation the latter meaning has been ascribed to it ; and where an expression susceptible of this twofold signification is used in an agreement, it ought to be taken in its popular, rather than in its tech-nioal meaning. There are other considerations which in this ease tend to fortify this construction. It is abundantly proven that the most usual, we might say the almost universal mode of making surveys, was according to the magnetic courses.
Where a usage has prevailed so long and so generally, it is much more reasonable to suppose the parties had reference to it, than to the mode of surveying acco'dmjj to the true meredian, so little known, and seldom used in practice. That an agreement ought to be interpreted with reference to the usage of the country, although such an interpretation is contrary to the technical meaning ,.o£ the language used by the parties, is fully warranted. by the English authorities. By the statute de tetéis mensurenclis, an acre was fixed at 160 square perches* *353 Bir tiotv.'iih .tanobig 'he statute, ¡n some places, in corn-'ll nice with cn .tom, a less, and in some a greater quan-uf, ¡hirthi* st',!’¡;o measure, continued to bs called an atr- , and it irrquently becomes a question, whether the ei’stomvc f,r si’st’toi'y measure shall prevail. Upon this !>' Tt it has bc"a decided, that in adversary writs di. ¡r.snr.bcr ol acres are to be accounted according to the statute measure, but in fines and common recoveries will, b are had bv •mreernent and consent of parties, the :uro, ,11c to lie taken according to the customary and ¡i'.ui d tivv.MU of the country, and not according to the ‘ e.ttut’- — Sugden 228.
A-. ;• l'urthi r pro iflhat the parties in this case had if-ier.nce to the courses as indicated by the magnet, the * u f~umstance of the survey having been made in that wav in the presence of the parties without objection, is entitled to no inconsiderable weight. Finnie’s acquiescence in the mode in which the courses were run, is not left to be inferred from his silence merely, but is established bv his express declaration, made at the time, “ dint he was satisfied with the survey.
O, e witness indeed states, that he declared himself satisfied if the survey was made correctly, but the testimony of this witness is more than countervailed by a uuml er of others, who swear that Finnic expressed his unconditional satisfaction with the survey as made.
Upon the whole, we think the "true construction of the agreement required that the survey should be made as it was done in this case by the direction ol the magnetic needle, but we are of opinion that the court below ought to have decreed the execution of the contract according to that construction, and that the decree of that court, though correct with respect to the costs, is erroneous in dismissing the bill.
Wherefore it is decreed and ordered that the decree of the circuit court, so far as it respects the costs in that court, be affi rmed, and that so far as relates to the .dismissal ol the bill it be reversed and set aside ; and that the cause be remanded to said court, that a decree may be thus entered up agreeably to the aforegoing opinion, .and that such ether and farther pt oceedings be had thereiaas may not be inconsistent with law atiu equity.
And it is farther decreed and ordered that each party pay their respective costs in this court. , ’